O’Neall, J.
dissenting. In this case, I regret that it should be thought necessary to send it back, when, as I understand, a very large majority of the Court are entirely satisfied with every thing, except the instruction that “the plea of liberum tenementum was an admission of the trespass.” The jury, by their verdict, have shown that they regarded the proof of an actual trespass, and did not rest on the technical admission. This would have been enough to sustain ,the verdict. But the instruction was in the very words of our own cases, (1 N. and McC. 355, 2 McC. 226). This is conceded.' It is, however, said, that as the defendant had also pleaded the general issue, it was necessary to prove the trespass. The pleading presents this strange state of inconsistency — the general issue says for the defendant, “I deny the trespass;” libe-rum tenementum says, “I admit the act charged as a trespass, but as the land was mine, it was no trespass.”. The decision in this case maintains this glaring opposition on the record. I would reconcile them, in this way — the plea of liberum tenementum, as the last plea, admits the trespass, and the general issue qualifies the admission, so as to require proof of the extent. The two pleas, however, are inconsistent, according to the well settled practice of the Common Pleas (1 Sell. Pra. 299). They ought not to be allowed to be pleaded together: but when allowed, the defendant ought not to have a double advantage. The true notion is stated in 1 *178 Hill, 251; the Judge there speaking of the general issue and justification in slander, which latter plea had been specially allowed to the defendant, upon the condition that not guilty should remain on the record, said “however inconsistent the two pleas were, yet the defendant had been permitted to justify upon the condition that he should be subject to the disadvantage of having both pleas upon the record, and he could not, after consenting to the condition, and taking thé benefit which he desired under it, be allowed to get rid of it.” So here, I would say, as the defendant has put both pleas upon the record, he ought to be held, by liberum tenementum, to have admitted the trespass: but still, as by the general issue, he required proof of the extent, he could not be allowed the benefit of the reply, which he otherwise would have had, if he had only pleaded, liberum tenementum.

New trial granted.